IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ANDREA REYNOLDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:12-CV-0065-O (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Andrea Reynolds brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should REVERSE the Commissioner's decision.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including depression, bipolar disorder, vision problems, and asthma. After her applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Two hearings were held in this case. The first hearing resulted in a decision denying disability benefits. The Appeals Council vacated that decision and remanded the case to obtain supplemental evidence from a vocational expert ("VE"). A second hearing before the same ALJ was held on August 24, 2010. At the time of the second hearing, Plaintiff was twenty-nine years old. She has

a high school education and past work experience as a housekeeper/janitor, a mess hall attendant, a cashier, a cashier checker, and a day care worker. Plaintiff has not engaged in substantial gainful activity since June 22, 2006.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from asthma, obesity, and anxiety disorder, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels with certain non-exertional and environmental limitations, but could not return to her past relevant employment. Relying on the testimony of a VE, the judge found that Plaintiff was capable of working as a riveting machine operator, an electronics worker, a laminator, and a semiconductors bonder -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Issues

Plaintiff's appeal raises the following issues:

1. Whether the finding that she can perform other work in the national economy was based on an improper hypothetical question to the vocational expert; and

2. Whether the ALJ failed to comply with the Appeals Council's remand order.

### Analysis

The ALJ found that Plaintiff has the RFC to perform the full range of work at all exertional levels, with only certain non-exertional and environmental limitations, including the jobs of riveting machine operator II, electronics worker, laminator I, and bonder (semiconductors). (*See* Tr. at 15, 19). In making that finding, the ALJ expressly relied on the testimony of Clifton A. King, Jr., a vocational expert. (*Id.* at 19). According to Plaintiff, King based his testimony on a defective hypothetical question that failed to take into account her inability to have more than limited contact

with supervisors -- a limitation specifically recognized by the ALJ in the hearing decision. (*See id.* at 15).

A hypothetical question to a VE cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or his representative is afforded the opportunity to correct deficiencies in the question. *See Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Soc. Sec. Admin.*, 278 F. Supp. 2d 797, 807 (N.D. Tex. 2003).

At the administrative hearing, the ALJ asked Bottroff:

> [T]he first hypothetical I want you to consider, assume the vocational factors of an individual who is 29 years of age at the date of hearing. There are no exertional limitations however this individual in the non-exertional area would have no extended exposure to pollutants, dust, and fumes. Furthermore, *the individual would work in relative isolation with limited contact with peers and co-workers*. Given those factors now . . . [w]ould any other work be available even of an unskilled nature?

(Tr. at 44) (emphasis added). King responded that such a person could work as a riveting machine operator II, an electronics worker, a laminator II, and a bonder semiconductors. (*Id.* at 44-45). Based on this testimony, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy. (*Id.* at 19).

There is a significant discrepancy between the limitations included in the hypothetical question posed to King and the limitations found by the ALJ. While the judge found that Plaintiff's

5

RFC was limited by the need for "relative isolation with limited contact with *peers, supervisors, and the general public*[,]" (*id.* at 15) (emphasis added), the hypothetical inquired only about restrictions on contacts with peers and co-workers. (*Id.* at 44). The ALJ never asked the VE about jobs that also require limited contact with supervisors and the general public. As a result, the hypothetical was defective. *See Boyd*, 239 F.3d at 707 (disability determination is not supported by substantial evidence if hypothetical to VE does not incorporate all functional limitations found by ALJ); *Bowling*, 36 F.3d at 436 (same); *see also Medley v. Astrue*, No. 7:11-CV-0053-O-KA, 2011 WL 6840576, at *4 (N.D. Tex. Dec. 29, 2011) (O'Connor, J.) (remand warranted where the question to the VE included only a reference to "coworkers," but the ALJ's later RFC finding recognized a limitation in dealing with "supervisors" as well as "coworkers"); *Field v. Astrue*, No. 7:10-CV-0052-BD, 2011 WL 2469587, at *3 (N.D. Tex. June 21, 2011) (same).

The Commissioner argues that the defect in the ALJ's hypothetical is harmless error because the requirement of limited contact with co-workers necessarily includes limited contact with supervisors. (*See* Def. MSJ Resp. Br. at 6-7). The Court disagrees. First, the Commissioner fails to cite any authority in support of her argument. Further, courts regularly distinguish among the different work situations depending on the type of interpersonal contact required. *See, e.g. Medley*, 2011 WL 6840576, at *4 n.1 (rejecting argument that there is no material difference between a supervisor and a coworker); *Seibert v. Astrue*, No. 4:09-CV-090-A, 2010 WL 6389303, at *12 n.13 (N.D. Tex. Jun. 14, 2010), *rec. adopted*, 2011 WL 1211350 (N.D. Tex. Mar. 31, 2011) (ALJ erred in limiting plaintiff to only incidental contact with the public and co-workers because such restrictions do not adequately incorporate limitations in responding to or interacting with supervisors); *Stearns v. Astrue*, No. 6:08-CV-074-C, 2010 WL 1072828, at *6 (N.D. Tex. Mar. 24,

6

2010) (same as to restriction that only limited plaintiff to superficial contact with the public where evidence indicated that plaintiff also had difficulty interacting appropriately with supervisors). The social security regulations also treat interactions with the public, supervisors, and co-workers as different work situations. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(2) ("Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (*e.g.*, supervisors), or cooperative behaviors involving coworkers."). Because the ALJ based his disability determination on a defective hypothetical, the hearing decision must be reversed. *Medley*, 2011 WL 6840576, at *4; *Field*, 2011 WL 2469587, at *3.

The Commissioner also suggests that Plaintiff waived the right to challenge the defective hypothetical because her attorney failed to cross-examine the VE regarding the need for limited contact with supervisors and the general public. (*See* Def. MSJ Resp. Br. at 6-7). This argument ignores that Plaintiff's counsel specifically asked the VE whether any of the jobs he identified could be performed by an individual who had problems interacting with managers and supervisors, as well as co-workers. (Tr. at 46). The VE responded in the negative, testifying that "[i]f there was a combative situation where words were exchanged it's unlikely without some sort of understanding and accommodation that it would be tolerated on a continual basis." (*Id.*). The Commissioner's argument also fail to consider that there was no discrepancy until the ALJ issued her written decision finding that Plaintiff's residual functional capacity was limited by the need for "relative isolation with limited contact with peers, supervisors, and the general public." (*See* Tr. at 15). Thus, Plaintiff did not have a "fair opportunity" to correct the hypothetical question at the administrative hearing. *See Boyd*, 239 F.3d at 707; *Ellis v. Astrue*, No. 7:09-CV-070-O-BF, 2010 WL 3422872, at *4 (N.D. Tex. Jul. 27, 2010), *rec. adopted*, 2010 WL 3398257 (N.D. Tex. Aug. 27, 2010).

## RECOMMENDATION

The District Court should REVERSE the final decision of the Commissioner and REMAND this case for further proceedings consistent with this opinion.[1]

**SO RECOMMENDED**, March 10, 2014.

*[signature]*

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within 14 days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)·(en banc).

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.